IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-288-FL-2

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| NEVILLE SAMUEL WARD, JR., | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court yesterday, 6 December 2012, for a hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant presented the testimony of the proposed third-party custodian, his mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a two-count indictment on 29 August 2012 with possession of a firearm by a felon, and aiding and abetting the same, on or about both 14 May 2012 (ct. 1) and 27 June 2012 (ct. 2) in violation of 18 U.S.C. §§ 922(g)(1), 924, and 2. The evidence presented

at the hearing showed that the charges arise from two audio- and video-recorded controlled purchases of pistols involving defendant on the respective alleged offense dates. In the 14 May 2012 transaction, defendant delivered the pistol to his co-defendant, who in turn sold it to the confidential informant. In the 27 June 2012 transaction, defendant sold the pistol involved directly to the confidential informant. At the time, defendant had been convicted of a felony.

When police contacted defendant within several days after the indictment against him was returned on 29 August 2012, he fled the area and remained at large for about three months, until he turned himself in on 28 November 2012. In a subsequent statement to police, he confessed to the sale in 27 June 2012, but said he was essentially just an observer to the 14 May 2012 transaction.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offense charged; the circumstances of the offenses charged, including defendant's trafficking in the firearms at issue, defendant's commission of the alleged offenses three months after completing state probation, and his flight to avoid prosecution, thereby losing the job he had; defendant's criminal record, including a prior felony conviction for possession of a firearm by a felon and an additional felony conviction (for perjury); the potential term of imprisonment defendant faces if convicted and his not having been imprisoned (other than pretrial) in connection with his prior felony convictions; the danger of continued gun-related offense conduct by defendant if released, as evidenced by his pattern of possession of firearms by a felon; the unsuitability of the proposed

2

Case 5:12-cr-00288-FL Document 36 Filed 12/07/12 Page 2 of 4

third-party custodial arrangement due to the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as defendant's having turned himself in, his ties to the area, and his history of employment. It finds, however, that the factors favoring detention outweigh such evidence. For example, by his own conduct, he has demonstrated his motivation and willingness to flee to avoid prosecution on the instant charges, notwithstanding his family and employment ties to the area.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 7th day of December 2012.

James E. Gates
United States Magistrate Judge